# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————

N⁰ 08-cv-04593 (JFB) (GRB)

———————————

FRANK ABDULLAH MUHAMMAD,

Plaintiff,

VERSUS

COUNTY OF SUFFOLK AND SUFFOLK CORRECTIONAL MEDICAL STAFF,

Defendants.

———————————

**MEMORANDUM AND ORDER**
March 7, 2013

———————————

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Frank Abdullah Muhammad ("Muhammad" or "plaintiff") brings this action against the County of Suffolk and Suffolk Correctional Medical Staff (collectively, "defendants"), alleging a violation of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants showed deliberate indifference to his serious medical needs when they denied him medical care following a change in his physical condition while in the custody of the Suffolk County Sheriff. Specifically, plaintiff claims that he sustained a period of stimulated chest growth after suffering an adverse side effect to prescribed medication and that the medical staff did little to help him when he complained.

Defendants initially moved to dismiss plaintiff's complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that plaintiff had failed to state a claim for which relief can be granted. The Court subsequently converted defendants' motion to dismiss to a motion for summary judgment upon receipt of extrinsic documents relevant to the underlying claims. *See Hoy v. Inc. Vill. of Bayville*, 765 F. Supp. 2d 158, 164 (E.D.N.Y. 2011) ("Federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings offered in conjunction with a Rule 12(b)(6) motion, and thus complete discretion in determining whether to convert the motion to one for summary judgment." (quoting *Carione v. United States*, 368 F. Supp. 2d 186, 191 (E.D.N.Y. 2005)) (internal quotation marks omitted).

In their motion, defendants argue that: (1) plaintiff failed to exhaust his remedies under the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), and (2) plaintiff cannot show that defendants

acted with deliberate indifference to a serious medical need. Plaintiff did not respond to defendants' motion. For the reasons set forth herein, the Court agrees with defendants and grants their motion for summary judgment for failure to exhaust under the PLRA. Specifically, with respect to plaintiff's failure to exhaust, the uncontroverted evidence demonstrates that (1) there is a well-established Grievance Procedure in the Suffolk County Correctional Facility Rules & Regulations Handbook ("Inmate Handbook"), which all inmates receive upon entry to the Suffolk County Correctional Facility; (2) plaintiff admits that he did not file a grievance with respect to the alleged lack of medical care that is the subject of this lawsuit; and (3) no special circumstances prevented plaintiff from filing such a grievance, nor does another exception to the exhaustion requirement apply here. Because plaintiff failed to exhaust his remedies under the PLRA, summary judgment is properly granted in favor of defendants.[1]

## I. BACKGROUND

### A. Factual Background

The following facts are taken from the complaint and are not findings of fact by the Court. The Court assumes these facts to be true for the purpose of deciding this motion and construes them in the light most favorable to plaintiff, the non-moving party.

Plaintiff's complaint alleges that, in April of 2001, plaintiff informed the medical staff at the Suffolk County Riverhead Jail that medication previously prescribed to him and which he was taking was having an adverse effect on his health. (Compl. at 4.) Specifically, plaintiff informed the staff that the medication was stimulating chest growth, causing him to have "breast women large [sic] ones." (*Id.*) Plaintiff's claim allegedly fell on deaf ears until 2008, when "the warden and sheriff direct[ed] the medical staff to look further into [his] claim." (*Id.*) Plaintiff states that "[i]n the final-in-alisen [sic] I'm sitting here with breast [sic] at 51 years old, which has devastated my life to this day as I write." (*Id.*)

### B. Procedural History

Plaintiff filed the complaint in this action on October 23, 2008. On March 19, 2009, defendants submitted their answer. Defendants filed a motion to dismiss on March 21, 2012. On December 10, 2012, the Court ordered defendants to submit a declaration from an individual at the Suffolk County Correctional Facility, and to attach to such declaration a copy (or relevant sections thereof) of the Inmate Handbook that specifically addresses the facility's grievance process referenced in plaintiff's complaint and discussed in defendants' briefs. On December 26, 2012, defendants submitted an affidavit from Sergeant Nicholas DeSimone ("Sergeant DeSimone") of the Suffolk County Sheriff's Office, which included excerpts from the Inmate Handbook, as well as copies of two grievances previously filed by plaintiff in January 2007. In light of these extrinsic documents, on January 9, 2013, the Court converted defendants' motion to dismiss into a motion for summary judgment. The Court gave plaintiff the opportunity to submit arguments and supporting documentation as to the issue of plaintiff's alleged failure to exhaust his claims. Plaintiff did not submit an opposition to defendants' motion, nor did plaintiff file any additional exhibits or documentation in

---

[1] Because summary judgment is warranted in favor of defendants for failure to exhaust, the Court need not address defendants' other arguments in support of dismissal.

response to the Court's order. The Court has fully considered the parties' submissions.

## II. STANDARD OF REVIEW

It is accepted that "'[w]hen matters outside the pleadings are presented in support of, or in opposition to a [Fed. R. Civ. P.] 12(b)(6) motion, a district court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment under [Fed. R. Civ. P.] 56 and afford all parties the opportunity to present supporting material.'" *Stephens v. Bayview Nursing & Rehab. Ctr.*, No. 07-cv-0596(JFB)(AKT), 2008 WL 728896, at *2 (E.D.N.Y. Mar. 17, 2008) (quoting *Mastykarz v. Niagara Mohawk Power Corp.*, No. 06-CV-0641E, 2007 WL 952044, at *2 (W.D.N.Y. Mar. 23, 2007)) (alteration in original). Generally, "a district court has discretion to convert a motion to dismiss into a motion for summary judgment." *Garcha v. City of Beacon*, 351 F. Supp. 2d 213, 216 (S.D.N.Y. 2005). Exercise of such discretion will turn on "whether or not the proffered material, and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure, is likely to facilitate the disposition of the action." *Stephens*, 2008 WL 728896, at *2 (quoting *Carione*, 368 F. Supp. 2d at 191) (internal quotation mark omitted).

Here, the Court has concluded in its discretion that conversion of defendants' motion to dismiss is proper. Specifically, defendants expressly referenced and submitted materials outside of the pleadings for the Court's consideration. Moreover, plaintiff was given the opportunity to present any material pertinent to a summary judgment motion, which he elected against doing. *See Liberty Mut. Fire Ins. Co. v. E.E. Cruz & Co., Inc.*, 475 F. Supp. 2d 400, 406 (S.D.N.Y. 2007) (finding conversion of

motion to dismiss to summary judgment motion appropriate where defendant submitted materials outside the pleadings, and where plaintiff was allowed to present material opposing summary judgment).[2] Thus, the Court will review defendants' converted motion under the governing standards for summary judgment.

The moving party bears the burden of establishing that it is entitled to summary judgment. *Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). This burden requires a movant to establish "that there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to do so, a party must support their position "by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The court must "view the evidence in the light most favorable to the party opposing summary judgment," and "draw all reasonable inferences in favor of that party." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (quoting *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996)).

Where the movant makes such a showing, the burden shifts to the non-moving party, who then "must come

---

[2] Indeed, with the exception of his complaint, plaintiff has filed no motion, exhibits, affidavits, or supporting evidence following defendants' submission of their motion.

forward with specific facts showing that there is a *genuine issue for trial*." *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)) (internal quotation mark omitted). Stated differently, "the nonmoving party may not rest upon mere conclusory allegations or denials but must set forth 'concrete particulars' showing that a trial is needed." *Young v. Suffolk Cnty.*, No. 09-cv-3325(JFB)(ARL), 2013 WL 491982, at *11 (E.D.N.Y. Feb. 11, 2013) (quoting *R.G. Grp., Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984)).

## III. DISCUSSION

### A. Failure to Exhaust

As a threshold matter, defendants argue that plaintiff cannot raise any constitutional violation claim under Section 1983 because he has not exhausted all available administrative remedies. For the reasons set forth below, the Court agrees.

### 1. Legal Standard

The Prison Litigation Reform Act of 1995 states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement "'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Espinal v. Goord*, 554 F.3d 216, 222 (2d Cir. 2009) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). "Prisoners must utilize the state's grievance procedures, regardless of whether the relief sought is offered through those procedures." *Id.* The Supreme Court has made clear in *Woodford v. Ngo* that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ." 548 U.S. 81, 90 (2006). Thus, a court considering the issue of exhaustion must "look at the state prison procedures and the prisoner's grievance to determine whether the prisoner has complied with those procedures." *Espinal*, 554 F.3d at 223.

Before the Supreme Court's decision in *Woodford*, the Second Circuit articulated a three-part test addressing the exhaustion requirement:

> Depending on the inmate's explanation for the alleged failure to exhaust, the court must ask whether administrative remedies were in fact available to the prisoner. The court should also inquire as to whether the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it, or whether the defendants' own actions inhibiting the inmate's exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense. If the court finds that administrative remedies were available to the plaintiff, and that the defendants are not estopped and have not forfeited their non-exhaustion defense, but that the plaintiff nevertheless did not exhaust available remedies, the court should consider whether special circumstances have been plausibly alleged that justify the prisoner's failure to comply with administrative procedural requirements.

*Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004) (internal citations and quotation marks omitted).[3]

Although *Woodford*'s impact on the above-discussed considerations initially was unclear, *see, e.g.*, *Reynoso v. Swezey*, 238 F. App'x 660, 662 (2d Cir. 2007) ("Because we agree with the district court that [plaintiff] cannot prevail on any of these grounds, we have no occasion to decide whether *Woodford* has bearing on them."); *Ruggiero v. Cnty. of Orange*, 467 F.3d 170, 176 (2d Cir. 2006) ("We need not determine what effect *Woodford* has on our case law in this area, however, because [plaintiff] could not have prevailed even under our pre-*Woodford* case law."), the Second Circuit has continued to hold post-*Woodford* that an inmate's failure to comply with the exhaustion requirement may be excused on these aforementioned grounds, *see Messa v. Goord*, 652 F.3d 305, 309 (2d Cir. 2011) (citing the *Hemphill* standard).[4]

Exhaustion is an affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 216 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); *see also Key v. Toussaint*, 660 F. Supp. 2d 518, 523 (S.D.N.Y. 2009) ("Failure to exhaust administrative remedies under the PLRA is an affirmative defense, and thus the defendants have the burden of proving that [plaintiff's] retaliation claim has not been exhausted." (internal citations omitted)).

2.      Application

Defendants argue that plaintiff failed to exhaust his remedies under the PLRA because he did not file a grievance with respect to his medical condition. Defendants state that in Suffolk County, inmates have a three-tiered formal grievance procedure available to them. (Defs.' Mem. of Law in Sup. of Mot. to Dismiss ("Defs.' Mem.") at 9.)[5] Inmates seeking to file grievances in the Suffolk County Jail must abide by the rules set forth in the Inmate Handbook. (*Id.*; *see also* Sgt. DeSimone Aff. in Supp. of Mot. to Dismiss ("DeSimone Aff."), Attach. 2 at 15-16.) Each inmate receives a copy of the Inmate Handbook upon entering the facility. (Defs.' Mem. at 9.) The Inmate Handbook explains the grievance process available for all inmates to follow. (*Id.*; *see also id.* at 84; DeSimone Aff., Attach. 2 at 15-16.)

According to the three-part grievance process, an inmate with a grievance may first complain to the correctional officer located in his cell block. (Defs.' Mem. at 9; DeSimone Aff., Attach. 2 at 15.) If dissatisfied with the results of the first step, he may file a grievance form, to be reviewed by the Housing Sergeant assigned to an inmate's housing unit; if the issue is not there resolved, the grievance will be forwarded onto the Grievance Coordinator for further investigation, leading to a subsequent determination. (*See* Defs.' Mem. at 9 (stating that following an inmate's complaint to a correctional officer, the inmate may file a grievance form, which "is then reviewed by a board made up of both inmates and Correctional Facility personnel"); DeSimone Aff., Attach. 2 at 16 (stating that if an inmate's complaint is not resolved by the Housing Sergeant, it will be forwarded to the "Grievance

---

[3] For purposes of this opinion, the Court shall refer to this three-factor consideration as the *Hemphill* standard or the *Hemphill* test.

[4] The Court need not decide whether *Woodford* narrowed the *Hemphill*'s three-part test because, as set forth *infra*, plaintiff cannot satisfy the *Hemphill* standard.

[5] All page numbers refer to those assigned by the ECF docketing system.

Coordinator . . . and investigated").) If an inmate is dissatisfied with the results of the preceding two steps, the inmate may appeal the grievance board's determination. (Defs.' Mem. at 9; DeSimone Aff., Attach. 2 at 16.) If the appeal results in an unfavorable decision, an inmate may appeal this determination to the State Commission of Correction. (DeSimone Aff., Attach. 2 at 16.) It is only after an inmate has exhausted each of these specific steps that he may turn to the judicial process. (Defs.' Mem. at 9-10.) Grievances must be filed within five days of the act or occurrence leading to the grievance. (Defs.' Mem. at 10; DeSimone Aff., Attach. 2 at 15.)

Plaintiff does not state in his original complaint whether he actually received a copy of the Inmate Handbook. Moreover, in answering the section of his form complaint that asks whether there is a prisoner grievance procedure in the institution, plaintiff checks off, "no." (Compl. at 2.) He also checks off "no" as to whether he had "present[ed] the facts relating to [his] complaint in the prisoner grievance program." (*Id.*) Thus, it is unclear from the face of the complaint whether plaintiff knew of the grievance procedures in place that he needed to follow. *Cf. Arnold v. Goetz*, 245 F. Supp. 2d 527, 537-38 (S.D.N.Y. 2003) (noting while "correctional officials are entitled to the benefit of § 1997e(a) as long as the institution has made a reasonable, good faith effort to make the grievance procedure available to inmates, . . . when an inmate claims ignorance of the grievance procedure, it becomes a question of fact whether the grievance procedure was an available administrative remedy he was required to exhaust" (citations and internal quotation marks omitted)).

However, following conversion of their motion to one for summary judgment, defendants submitted copies of two

grievances that plaintiff filed in January 2007, nearly two years before plaintiff filed his complaint in this action. (*See* DeSimone Aff., Attach. 3.) [6] Additionally, on February 6, 2007, plaintiff filed another complaint – also before this Court, also against Suffolk County, and also concerning events in the Suffolk County Correctional Facility – in which plaintiff checks "yes" next to the question, "[i]s there a prisoner grievance procedure in this institution." *See Muhammad v. Suffolk Cnty. Corrs. Corr. Officers, et al.*, No. 07-cv-00588(JFB)(ARL);[7] *see also Jackson v. Broadcast Music, Inc.*, No. 04-CV 5948(TPG), 2006 WL 250524, at *7 (S.D.N.Y. Feb. 1, 2006) (noting that a court may consider matters of which judicial notice may be taken, "even if the corresponding documents are not attached to or incorporated by reference in the complaint," and this includes "'admissions in pleadings and other documents in the public record filed by a party in other judicial proceedings that contradict the party's factual assertions in a subsequent action'" (quoting *Harris v. N.Y. State Dep't of Health*, 202 F. Supp. 2d 143, 173 (S.D.N.Y. 2002))).

Based on these facts, it is clear that plaintiff was aware of the grievance process in place at Suffolk County. Moreover, plaintiff has not responded to defendants' motion, and further, has submitted no evidence to controvert defendants' supported evidentiary position that every inmate receives the Inmate Handbook containing the grievance procedure. Thus, it is uncontroverted that the grievance

---

[6] The events at issue in the 2007 grievances are distinguishable from those at issue here.
[7] Plaintiff's February 2007 complaint concerns issues that are not presently before the Court and not relevant to this dispute.

procedure existed, that plaintiff was aware of it, and that plaintiff failed to utilize it.

The Court now applies the three-part *Hemphill* test, *i.e.*, (1) whether administrative remedies were available to the inmate, *Reynoso*, 238 F. App'x at 661; *see also Macias v. Zenk*, 495 F.3d 37, 41 (2d Cir. 2007); (2) "whether the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it, or whether the defendants' own actions inhibiting the inmate's exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense," *Macias*, 495 F.3d at 41; and (3) "whether special circumstances have been plausibly alleged that justify the prisoner's failure to comply with administrative procedural requirements," *id*.

As to the first exception to the exhaustion requirement, as noted above, the uncontroverted evidence shows that administrative remedies were available to plaintiff, and that, at least as of 2007, he was aware of the prison's internal grievance procedure. Plaintiff does not argue, nor does the uncontroverted evidence suggest, that prison officials tried to keep plaintiff or other inmates in the dark as to the available grievance process; in fact, the unconverted evidence shows to the contrary – namely, that inmates received their handbooks containing a description of the grievance process upon first entering the facility. *See Arnold*, 245 F. Supp. 2d at 537 (stating "'an institution cannot keep inmates in ignorance of the grievance procedure and then fault them for not using it. A grievance procedure which is not made known to inmates is not an 'available' administrative remedy'" (quoting *Hall v. Sheahan*, No. 2000 C 1649, 2001 WL 111019, at *1 (N.D. Ill. Feb. 2, 2001))).

As to the second exception, defendants have not forfeited the affirmative defense of non-exhaustion because they raised the defense in their motion. Additionally, no evidence shows or suggests that defendants acted to inhibit plaintiff's exhaustion of remedies. The issue, therefore, boils down to this: whether plaintiff has shown the existence of special circumstances that would justify his failure to comply with the administrative requirements. Plaintiff has not.

The most plaintiff offers in his complaint as an explanation for why he failed to use the prisoner grievance procedure is that he "was embarrest [sic]" and that instead of following this procedure, he elected to speak with "medical, the warden and sheriff of the Suffolk County Correctional Fac[ility]." (Compl. at 2.) Embarrassment, standing alone, does not clear the "special circumstances" bar for excusing a failure to comply with administrative procedures. *See Ruggiero*, 467 F.3d at 175 (describing "special circumstances" as "a *reasonable misunderstanding* of the grievance procedures, [thereby] justify[ing] the prisoner's failure to comply with the exhaustion requirement" (emphasis added)); *Harty v. Cnty. of Suffolk*, 755 F. Supp. 2d 422, 433 (E.D.N.Y. 2010) ("Among the circumstances potentially qualifying as 'special' under this prong of the test is where a plaintiff's reasonable interpretation of applicable regulations regarding the grievance process differs from that of prison officials and leads him or her to conclude that the dispute cannot be grieved."); *Bryant v. Williams*, No. 08-CV-778S, 2009 WL 1706592, at *6 (W.D.N.Y. June 17, 2009) (noting Second Circuit cases in which special circumstances have been held to exist, including an inmate's reasonable – albeit erroneous – interpretation of prison

regulations or an inmate's reliance on the court's earlier construction of the law).

Accordingly, the Court concludes that plaintiff failed to exhaust his administrative remedies and has not plausibly alleged any special circumstances (or conduct falling within any other exception to the exhaustion requirement) that would justify his failure to exhaust. *See generally Porter*, 534 U.S. at 523-532 (stating generally that failure to exhaust in accordance with 42 U.S.C. § 1997e(a) will bar an inmate's judicial action). Summary judgment in favor of defendants is therefore warranted for failure to exhaust.

### III. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is granted for failure to exhaust under the PLRA. The Clerk of the Court is directed to enter judgment in defendants' favor and close this case. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated:  March 7, 2013
         Central Islip, NY

* * *

Plaintiff is proceeding *pro se*, P.O. Box 251, Mastic, NY 11950. The attorneys for the defendants are Arlene S. Zwilling, Suffolk County Attorney, P.O. Box 6100, H. Lee Dennison Building Fifth Floor, 100 Veterans Memorial, Hauppague, NY 11788, and Richard T. Dunne, Suffolk County Department of Law, H. Lee Dennison Building, 100 Veterans Memorial Highway, Hauppauge, NY 11788.